UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
XIANGDONG CHEN, *Individually and
On Behalf of All Others Similarly Situated*,

                    Plaintiff,

            -against-

X FINANCIAL, YUE TANG, JIE ZHANG,
SHAOYONG CHENG, DING GAO,
SHENGWEN RONG, ZHENG XUE,
LONGGEN ZHANG, RICHARD ARTHUR,
COLLEEN A. DEVRIES, and COGENCY GLOBAL INC.,

                   Defendants.
-----------------------------------------------------------------X

**ORDER**

19-CV-6908-KAM-SJB

**BULSARA, United States Magistrate Judge:**

Plaintiff Xiangdong Chen ("Chen") filed this putative class action pursuant to Sections 11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k and 77o, on December 16, 2019, on behalf of investors who purchased or otherwise acquired American Depositary Shares ("ADSs") of X Financial in X Financial's September 19, 2018 initial public offering. (Compl. dated Dec. 16, 2019, Dkt. No. 1 ¶¶ 1, 23).

Defendant X Financial is a finance technology company based in Shenzhen, China that operates a peer-to-peer platform that matches borrowers and lenders. (*Id.* ¶ 2). Defendant Yue Tang is X Financial's founder, and was CEO and Chairman of the Board of Directors as of the date of the IPO. (*Id.* ¶ 29). Defendant Jie Zhang was X Financial's Chief Financial Officer; Defendant Shaoyong Cheng was a director on the Board and the President; Defendant Ding Gao was a director and Chief Technology Officer; and Defendants Shengwen Rong, Zheng Xue, and Longgen Zhang were director appointees, all as of the date of the IPO. (*Id.* ¶¶ 30–36). Defendants Richard Arthur, Assistant Secretary of Cogency Global Inc., and Colleen A. DeVries, Senior Vice

President of Cogency Global, served as X Financial's authorized U.S. representatives in connection with the IPO. (*Id.* ¶ 37). The X Financial ADSs at issue were sold on the New York Stock Exchange under the ticker symbol "XYF." (*Id.* ¶ 38).

Pending before the Court is the unopposed motion of the X Financial Investor Group (the "Group") for appointment as Lead Plaintiff and approving Pomerantz LLP ("Pomerantz") as Lead Class Counsel. (Mot. for Appointment as Lead Pl. dated Feb. 7, 2020 ("Mot."), Dkt. No. 8). The Group's members are Chen and Ke Zheng, two individuals who purchased X Financial ADSs in the IPO. No opposition to the motion was filed, nor were any other motions for appointment as Lead Plaintiff. On February 13, 2020, the Honorable Kiyo A. Matsumoto referred the motion for a decision. (Order Referring Mot. dated Feb. 13, 2020).

For the reasons stated below, the Group's motion for appointment as Lead Plaintiff and for Pomerantz to serve as Lead Class Counsel for the putative class is granted.

BACKGROUND

Chen filed his Complaint on December 9, 2019. The Complaint alleges that X Financial, in anticipation of its IPO, negligently prepared an SEC registration statement effective September 18, 2018, that contained untrue statements of material fact or omitted other facts necessary to make the statement not misleading and violated SEC rules and regulations all in violation of Sections 11 and 15 of the Securities Act, 15 U.S.C. §§ 77k and 77o. (Compl. ¶¶ 11–12, 59–62). In particular, X Financial allegedly misrepresented its "continued growth" of its borrower and investor base, that the market for its loans was healthy and would support continued growth, and that it had strong credit capabilities. (*Id.* ¶¶ 50–58). These statements in the Registration

Statement were purportedly false because X Financial's loan facilitation was contracting, the number of investors using X Financial's platform were shrinking, the demand for preferred loans was plummeting and X Financial was phasing out such loans completely, and the demand for card loans was plummeting, among other alleged reasons. (*Id.* ¶ 59). X Financial also allegedly failed to disclose deterioration of investor demand and credit and the quality of the loan portfolio in violation of 17 C.F.R. §§ 229.303(a)(3)(ii) and 229.105. (Compl. ¶¶ 60–62).

According to the Complaint, on November 19, 2018, X Financial reported its third quarter 2018 financial results. (*Id.* ¶ 63). X Financial reported its loans had a delinquency rate of 3.51% for loans past due 31 to 90 days, a 270% year-over-year increase. (*Id.*). X Financial also reported a 21% quarter-over-quarter and 35% year-over-year decrease in loan facilitation. (*Id.*). It reported that net revenue had declined 22% since the prior quarter and net income had declined 34% over the same time. (*Id.*). The press release for the third quarter of 2018 also included projections for the fourth quarter that suggested slowing growth in its loan facilitation. (*Id.*).

On November 20, 2018, an earnings conference call was purportedly held after the IPO, during which Defendants explained that the negative results were caused by market and other problems that preceded the IPO. (Compl. ¶¶ 65–66). On a March 19, 2019 earnings call, Defendants allegedly affirmed X Financial's loan volume had been declining since the middle of the prior year. (*Id.* ¶ 67).

On November 22, 2019, per the Complaint, X Financial's ADSs closed at $1.74 per ADS, a 81.68% decline from the $9.50 per ADS IPO price. (*Id.* ¶ 70). At the time the Complaint was filed, the ADSs were trading below $9.50 per ADS. (*Id.* ¶ 71).

The Complaint contains two causes of action alleging: (1) a violation of Section 11 of the Securities Act, 15 U.S.C. § 77k, against all Defendants, (Compl. ¶¶ 79–89); and (2) a violation of Section 15 of the Securities Act, 15 U.S.C. § 77o, against all Defendants except Richard Arthur and Collen A. DeVries, (Compl. ¶¶ 90–95).

The motion to appoint the Group as Lead Plaintiff and designate Pomerantz as Lead Class Counsel was filed on February 7, 2020. The motion is unopposed. No other similar motions were filed.

DISCUSSION

The Private Securities Litigation Reform Act ("PSLRA") requires that a plaintiff who files a complaint publish, in a widely circulated business oriented publication or wire service, a notice advising members of the purported class of "the pendency of the action, the claims asserted therein, and the purported class period"; and permits "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff[.]" 15 U.S.C. § 77z-1(a)(3)(A)(i).

On December 9, 2019, Pomerantz, counsel for the Group, caused a notice to be published over *Globe Newswire*. (*See* Decl. of Jeremy A. Lieberman in Supp. of Mot. dated Feb. 7, 2020 ("Lieberman Decl."), Dkt. No. 10 ¶ 2; Globe Newswire Notice dated Dec. 9, 2019, attached as Ex. A to Lieberman Decl., Dkt. No. 10 at 1–2). *Globe Newswire* "is a suitable vehicle for meeting the statutory requirement that notice be published." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 403 (S.D.N.Y. 2004); *e.g.*, *Salinger v. Sarepta Therapeutics, Inc.*, No. 19-CV-8122, 2019 WL 6873807, at *4 (S.D.N.Y. Dec. 17, 2019) ("Plaintiff published a

4

notice on *Globe Newswire,* fulfilling the PSLRA requirements set forth in 15 U.S.C. § 77z-1(a)(3)(A)(i).").[1]  No one challenges the adequacy of the notice.

The 60-day period in which any member of the proposed class may apply for Lead Plaintiff status elapsed on February 7, 2020; the Group's motion, which was filed on February 7, 2020, was timely.  *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II).  No one else filed a timely motion for appointment, or opposed the appointment of the Group as Lead Plaintiff or Pomerantz as Lead Class Counsel.

I.     Lead Plaintiff

The PSLRA requires the Court to appoint as "Lead Plaintiff" the member of the putative class that the Court determines to be "most adequate plaintiff," *i.e.* the member the court determines to be "most capable of adequately representing the interests of class members."  15 U.S.C. §  77z-4(a)(3)(B)(i).  The Court must "adopt a presumption that the most adequate plaintiff . . . is the person or group of persons" that:

> (1) "has either filed the complaint or made a [timely] motion" to be appointed as lead plaintiff(s);
>
> (2) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and
>
> (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).  This presumption may be rebutted "only" by proof that the presumptively adequate plaintiff either "will not fairly and adequately protect the

---

[1] Cases analyzing the identical PSLRA provisions applicable to the Securities Exchange Act of 1934, codified at 15 U.S.C. § 78u-4, apply to this action because "courts use the same construction standards for PSLRA decisions" to decide motions for Lead Plaintiff and Class Counsel under the Securities Act.  *See* 15 U.S.C. § 77z-4; *Ford v. Voxx Int'l Corp.*, No. 14-CV-4183, 2015 WL 4393798, at *2 n.1 (E.D.N.Y. July 16, 2015).

interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." § 77z-1(a)(3)(B)(iii)(II).

Even when a motion to appoint Lead Plaintiff is unopposed, the Court must still consider the factors under the PSLRA to ensure that the movant is the most adequate plaintiff. *See Springer v. Code Rebel Corp.*, No. 16-CV-3492, 2017 WL 838197, at *1 (S.D.N.Y. Mar. 2, 2017) ("Although the . . . motion is unopposed, the Court must still ensure that it is the most adequate plaintiff under the PSLRA."); *e.g.*, *City of Warren Police & Fire Ret. Sys. v. Foot Locker, Inc.*, 325 F. Supp. 3d 310, 314 (E.D.N.Y. 2018); *In re Symbol Techs., Inc. Sec. Litig.*, No. 05-CV-3923, 2006 WL 1120619, at *2 (E.D.N.Y. Apr. 26, 2006).

The Group did not file the Complaint, one of its members did, but it made a timely motion to be appointed Lead Plaintiff. The Court therefore turns to the two remaining presumption elements. *See City of Warren*, 325 F. Supp. 3d at 315.

In assessing the financial interests of parties competing for Lead Plaintiff status, the Court will generally consider "(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered." *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 112 (E.D.N.Y. 2012) (citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)). The fourth factor, the approximate losses suffered, is considered to be the most important. *See Atanasio v. Tenaris S.A.*, 331 F.R.D. 21, 27 (E.D.N.Y. 2019); *Baughman v. Pall Corp.*, 250 F.R.D.

121, 125 (E.D.N.Y. 2008); *see also Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015).

Under these criteria, the Group has the only, and thus the largest, demonstrated financial interest.  During the class period, the Group purportedly suffered $55,998 in losses, having purchased 21,705 shares total, 9,085 net shares, and expending a net amount of $95,377 on Financial X ADSs during the class period.  (Lieberman Decl. ¶ 2; Ke Zheng & Xiangdong Chen XYF Transactions, attached as Ex. C to Lieberman Decl., Dkt. No. 10 at 2).

The next step in identifying which plaintiff is entitled to the presumption is to determine "whether a movant otherwise satisfies the requirements of Rule 23." *Salinger*, 2019 WL 6873807, at *3.  In a PSLRA motion to appoint Lead Plaintiff, the Court considers only whether the proposed plaintiff has made a "preliminary showing" that two Rule 23 requirements—typicality and adequacy—are satisfied.  *See Ford v. Voxx Int'l Corp.*, No. 14-CV-4183, 2015 WL 4393798, at *3 (E.D.N.Y. July 16, 2015) (collecting cases); *see also Martingano v. Am. Int'l Grp., Inc.*, No. 06-CV-1625, 2006 WL 1912724, at *4 (E.D.N.Y. July 11, 2006) ("[A]t this stage in the litigation, one need only make a preliminary showing that the Rule's typicality and adequacy requirements have been satisfied." (quotations and citations omitted)); *Atanasio*, 331 F.R.D. at 30–31.

Typicality is satisfied "where the claims arise from the same course of events and each class member makes similar legal arguments to prove defendant's liability." *In re Symbol Techs.*, 2006 WL 1120619, at *3 (citing *Robinson v. Metro-N. Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001)).  The claims here are all based on the alleged falsity of the IPO Registration Statement, evidenced by the statements in various press releases and conference calls.  *E.g., In re Third Ave. Mgmt. LLC Sec. Litig.*, No. 16-CV-

02758, 2016 WL 2986235, at *4 (S.D.N.Y. May 13, 2016) ("IBEW's claims are typical of the class because they are based on misrepresentations in the Registration Statements and on the same core course of conduct at issue[.]" (quotations omitted)).  The Group's claims are therefore, necessarily, typical of those of all of the other class members.

The adequacy requirement is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy."  *In re Symbol Techs.*, 2006 WL 1120619, at *3 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002)); *Atanasio*, 331 F.R.D. at 30; *City of Warren*, 325 F. Supp. 3d at 316.

The Group is represented by Pomerantz, which appears to be qualified and experienced counsel that has litigated numerous class actions; the Court concludes the firm would generally be able to conduct this litigation.  (*See* Resume of Pomerantz LLP, attached as Ex. D to Liberman Decl., Dkt. No. 10); *e.g.*, *Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 340 (E.D.N.Y. 2018) (appointing Pomerantz as Lead Class Counsel).  Nothing about the Group's interests appear to be antagonistic to the interests of the other putative class members; this appears to be a fairly common class action based on alleged violations of the Securities Act where class members are relying on the same statements or omissions as the factual basis of their claims, and where the financial losses are tied to the drop in value that occurred after the IPO. *E.g.*, *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-6130, 2017 WL 5256769, at *2 (S.D.N.Y. Nov. 13, 2017) ("The Wong Family Trusts is . . . an adequate representative.  Plaintiff's counsel is . . . a firm with extensive experience representing classes in securities actions.  There is

8

no evidence of conflict between the Wong Family Trusts and other class members, and their large stake in ZTO stock ensures that they will advocate vigorously on behalf of the class." (citation omitted)).  Finally, as noted earlier the Group has suffered alleged losses greater than $55,998 and thus have a sufficient financial interest in the case's outcome to suggest they will pursue the case with vigor.

II.      Lead Class Counsel

"The PSLRA provides that the 'most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *Balestra v. ATBCOIN LLC*, 380 F. Supp. 3d 340, 363 (S.D.N.Y. 2019) (quoting 15 U.S.C. § 77z-1(a)(3)(B)(v)).  "The Court generally defers to the plaintiff's choice of counsel, and will only reject the plaintiff's choice . . . if necessary to protect the interests of the class." *Bray v. Frontier Commc'ns Corp.*, No. 17-CV-1617, 2018 WL 525485, at *11 (D. Conn. Jan. 18, 2018) (quotations omitted); *see Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 08-CV-7281, 2008 WL 4974839, at *9 (S.D.N.Y. Nov. 24, 2008) ("The PSLRA . . . evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quotations omitted)).

The Group is represented by Pomerantz.  As discussed, the firm is experienced in securities class action litigation and has been appointed by judges in this Court to serve as Lead Class Counsel.  *See, e.g.*, *In re Sequans*, 289 F. Supp. 3d at 426.  The Court sees no reason to not adhere to the Group's choice: Pomerantz is appointed Lead Class Counsel.

<u>CONCLUSION</u>

For the reasons discussed above, the Court grants the motion and appoints X

Financial Investor Group as Lead Plaintiff and Pomerantz LLP as Lead Class Counsel.

SO ORDERED.

 */s/ Sanket J. Bulsara* May 13, 2020
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

10