**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| XIANGDONG CHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>X FINANCIAL, YUE TANG, JIE ZHANG, SHAOYONG CHENG, DING GAO, SHENGWEN RONG, ZHENG XUE, LONGGEN ZHANG, RICHARD ARTHUR, COLLEEN A. DEVRIES, COGENCY GLOBAL INC., MORGAN STANLEY & CO. INTERNATIONAL PLC, MORGAN STANLEY & CO. LLC, DEUTSCHE BANK SECURITIES INC., CHINA EVERBRIGHT SECURITIES (HK) LIMITED, CHINA MERCHANTS SECURITIES (HK) CO., LTD., AND AMTD GLOBAL MARKETS LIMITED,<br><br>Defendants. | No. 1:19-cv-06908-KAM-SJB |

**STIPULATION AND [PROPOSED] ORDER REGARDING**
**DEFENDANTS DING (A/K/A GARDON) GAO AND JIE (A/K/A KEVIN) ZHANG**

WHEREAS, on December 9, 2019, Plaintiff Xiangdong Chen filed a Class Action Complaint for Violations of the Federal Securities Laws in the above-referenced action (ECF No. 1);

WHEREAS, on July 13, 2020, Lead Plaintiffs Xiangdong Chen and Ke Zheng ("Plaintiffs") filed an Amended Class Action Complaint for Violations of the Federal Securities Laws in the above-referenced action (ECF No. 22, the "Amended Complaint");

WHEREAS, the Amended Complaint asserts violations of Sections 11 and 15 of the Securities Act of 1933 and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934

against, *inter alia*, X Financial and certain of its individual executives and/or directors, including, but not limited to, Ding (a/k/a Gardon) Gao and Jie (a/k/a Kevin) Zhang (collectively the "X Financial Defendants");

WHEREAS, Plaintiffs have not yet effected service upon, *inter alia*, Mr. Gao and Mr. Zhang;

WHEREAS, factual and legal questions exist surrounding whether Mr. Gao and Mr. Zhang are subject to this Court's jurisdiction;

WHEREAS, certain other Defendants have sought the Court's permission to file motions to dismiss the Amended Complaint (the "Moving Defendants"), which, if granted, would render the issue of this Court's personal jurisdiction over, or Plaintiffs' service upon, Mr. Gao and Mr. Zhang irrelevant;

WHEREAS, Plaintiffs and Mr. Gao and Mr. Zhang would like to avoid spending (potentially unnecessary) time and resources pertaining to personal jurisdiction regarding, or service of, Mr. Gao and Mr. Zhang prior to a decision on the Moving Defendants' motions to dismiss;

WHEREAS, the Court previously so ordered a similar stipulation between Plaintiffs and certain other defendants (ECF No. 61);

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT:

1. Plaintiffs' time to effect service upon Mr. Gao and Mr. Zhang is tolled from the date hereof until the Court's ruling on the Moving Defendants' motions to dismiss;

2. Mr. Gao and Mr. Zhang shall not be required to answer, move, or otherwise respond to the Amended Complaint, except as provided for herein;

2

3.     If the Moving Defendants' motions to dismiss are granted in full or in part, the Court's order will apply equally to Mr. Gao and Mr. Zhang and they need not separately move to dismiss on any ground on which Moving Defendants have prevailed;

4.     If the Moving Defendants' motions to dismiss are denied in full or in part, Plaintiffs may effect service upon Mr. Gao and Mr. Zhang pursuant to the Hague Service Convention or other authorized manner of service of process.  Within 14 days of service, the parties hereto will cause to be submitted a proposed schedule to the Court for Mr. Gao and Mr. Zhang to answer, move, or otherwise respond to the Amended Complaint or will submit competing schedules in the event they are unable to agree;

5.     Mr. Gao and Mr. Zhang do not waive, and instead, expressly reserve their right to seek dismissal of the Amended Complaint, provided, however, that if the Court denies the Moving Defendants' motions to dismiss in full or in part, any motion to dismiss on the part of Mr. Gao and Mr. Zhang will be limited to grounds that are unique to Mr. Gao and Mr. Zhang (such as, for example, lack of personal jurisdiction, improper service, and/or lack of control-person status for purposes of Plaintiffs' Section 15 and 20(a) claims);

6.     Mr. Gao and Mr. Zhang will not oppose merits discovery proceeding as to any other party, or any third parties, during the pendency of any motion to dismiss Mr. Gao and Mr. Zhang may file;

7.     This stipulation may be executed in counterparts, and copies thereof furnished by facsimile or in electronic format shall be deemed originals for all purposes.

DATED: September 25, 2020

POMERANTZ LLP                          DAVIS POLK & WARDWELL LLP

By:  /s/ Cara David                    By:   /s/ Brian S. Weinstein

Jeremy A. Lieberman                    Brian S. Weinstein
Cara David                             Craig J. Bergman
600 Third Avenue, 20th Floor           450 Lexington Avenue
New York, NY 10016                     New York, New York 10017
Telephone: (212) 661-1100              Telephone:  (212) 450-4000
Facsimile: (212) 661-8665              brian.weinstein@davispolk.com
jalieberman@pomlaw.com                 craig.bergman@davispolk.com
cdavid@pomlaw.com
                                       Jonathan K. Chang
Patrick V. Dahlstrom                   18/F, The Hong Kong Club Building
10 South La Salle Street, Suite 3505   3A Chater Road
Chicago, Illinois 60603                Hong Kong
Telephone: (312) 377-1181              China
Facsimile: (312) 377-1184              Telephone: +852-2533-3300
pdahlstrom@pomlaw.com                  jonathan.chang@davispolk.com

*Attorneys for Lead Plaintiffs*        *Attorneys for the X Financial Defendants*


Dated: _____, 2020                   IT IS SO ORDERED.


                                       _____
                                       Hon. Kiyo A. Matsumoto
                                       United States District Judge