**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| XIANGDONG CHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>X FINANCIAL, YUE TANG, JIE ZHANG, SHAOYONG CHENG, DING GAO, SHENGWEN RONG, ZHENG XUE, LONGGEN ZHANG, RICHARD ARTHUR, COLLEEN A. DEVRIES, COGENCY GLOBAL INC., MORGAN STANLEY & CO. INTERNATIONAL PLC, MORGAN STANLEY & CO. LLC, DEUTSCHE BANK SECURITIES INC., CHINA EVERBRIGHT SECURITIES (HK) LIMITED, CHINA MERCHANTS SECURITIES (HK) CO., LTD., AND AMTD GLOBAL MARKETS LIMITED,<br><br>    Defendants. | No. 1:19-cv-06908-KAM-SJB<br><br>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT** |

Lead Plaintiffs Xiangdong Chen and Ke Zheng ("Plaintiffs") respectfully notify the Court of supplemental authority supporting the arguments made in Plaintiffs' Opposition to Defendants' Motion to Dismiss the Amended Complaint.  (ECF No. 71.)

On August 12, 2021, the Honorable Judge Nicholas G. Garaufis of the Eastern District of New York denied a motion to dismiss under Rule 12(b)(6) and sustained plaintiffs' Securities Act and Exchange Act claims, *In re NIO Sec. Litig.*, 2021 U.S. Dist. LEXIS 152311 (E.D.N.Y. Aug. 12, 2021) ("*Nio*").  As particularly relevant to the above-captioned action (the "Action"), defendants in *Nio* argued that plaintiffs' Section 11 claim was subject to the heightened pleading standards of Rule 9(b) because it sounded fraud.  *Id.* at *13-14.  This is similar to the argument Defendants in this Action made on their motion to dismiss.  (ECF No. 70-76.)  However, Judge

Garaufis held that the Rule 9(b) requirements did not apply when a Securities Act claim sounded in negligence and was pled separately from the relevant Exchange Act claims. *Nio* at *14-15. The Complaint in the Action likewise sets forth a non-fraudulent basis for Section 11 liability, expressly disclaims that its Securities Act claims are based in fraud, and is segregated into two parts, with distinct sections for the Exchange Act claims and the Securities Act claims.

Also relevant to the Action, Judge Garaufis found credible confidential witnesses who, because of their roles on a project, were in a position to know the status of that project, even though they were not high-level executives. *Nio* at *22-23. In this Action, Plaintiffs have supplied statements from confidential witnesses who worked on the ground in the relevant departments. Their statements should likewise be credited by this Court.

Plaintiffs respectfully request that the Court consider the *Nio* opinion in connection with Plaintiffs' Opposition to Defendants' Motion to Dismiss the Amended Complaint. (ECF No. 71.) A copy of the *Nio* decision is attached hereto as Exhibit A.

DATED: September 23, 2021

Respectfully submitted,

POMERANTZ LLP

By: */s/ Cara David*
Jeremy A. Lieberman
Cara David
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
cdavid@pomlaw.com

Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Attorneys for Lead Plaintiffs*